Ruffin, Chief Justice.
 

 If
 
 the
 
 party appealing to this Court do not bring up the record, the appellee may, by the act of 1818, 1 Rev. Stat. ch. 4, sec. 26, either file it or obtain a certificate of the Clerk of the appellant’s failure; and upon that certificate being filed with the Clerk of
 
 the
 
 Superior Court, he is to record it, “ and then issue execution on the judgment rendered in the Superior Court, as though no appeal had been prayed, taxing double costs against the appellant.”
 

 This case turns on the meaning of that act — the question being, what costs the Legislature intended to be doubled?
 

 His Honor thought them to be all the costs for which judgment had been rendered in the Superior Court, including those incurred in the County Court — excepting those incurred for witnesses. He ordered accordingly; and the party claiming the double costs appealed to this Court.
 

 The act is not express as to what costs, or as to the costs of what Court or Courts the clerk is to tax double. The meaning is, therefore, to be collected as well as we can by construction. There are two considerations applicable to the question; by the one or the other of which, as it seems to
 
 us,
 
 the true interpretation must be determined. The one is, that the Legislature contemplated the costs for whieh judgment was rendered in the Superior Court; because they are ascertained by adjudication, and that judgment is to regulate the clerk of that court in issuing the execution. The other is, that the costs within the purview of the act, are- those incur
 
 *191
 
 red
 
 by the
 
 appellee, by reason of the appeal which the other party abandons. The judgment in the Superior Court upon this motion, proceeds upon neither of these principles. It rejects the latter altogether; and adopts the former in part, but does not follow it out. If the judgment in the Superior Court determines the costs in question, then the attendance of witnesses must be included, as well as the fees of attorneys and officers. For. those persons do not receive the money adjudged on their account; but the party to the suit recovers back what he has paid to them, and those sums are doubled and adjudged for his benefit. The act has no exception as to the witnesses; and there is no more reason for saying that the party may double the payments to the sheriff, clerk and attorney, than that he may do the same with the payments to his witnesses. The decision in the Superior Court cannot, therefore, be right; but must be either for too much or too little. It departs from its own principle. It remains, then, to consider which of those two principles is to govern the construction; and, in our opinion, it is the latter. We are led to this conclusion by looking to the mischief in the contemplation of the Legislature; the reasonableness of the remedy upon the one exposition or the other; and the provisions of the other acts
 
 in pari materia. ■
 

 The mischief is that of taking frivolous and dilatory appeals, without the intention to prosecute them; whereby the appellee may be unnecessarily put to costs. It was fit the Legislature should attempt to prevent that, by such a penalty as would probably correct the evil. But, while we would expect it to be generally effectual, we should also expect it not to be ruinous, perhaps, to one side, and to confer an unmerited bounty on the other. On the contrary, we should anticipate that it would be reasonable in amount; and, especially, such as would operate with uniformity, or nearly so, not only on all persons incurring it, but also in amount to each person who should incur it. The enormity of the forfeiture is, of itself, a strong argument against doubling the costs adjudged in the Superior Court; which may include costs in the County Court, although the appeal from that Court was prosecuted in good faith. It is a penalty far beyond the de
 
 *192
 
 fault in many cases, and ought not to be adopted, if more moderation will satisfy the words of the act. Besides,
 
 there
 
 is another circumstance entitled to much weight on this questjoni rphe <qefaupt is the same in each appellant who fails to file the transcript, and who, therefore, ought to be visited. with the like mulct. But upon the construction claimed for the appellant in this case, the penalty will vary with every case; and that not slightly, but with extreme differences. It is not respectful to attribute such hard and partial purposes to the Legislature. On the contrary, there seems to be much reasoii for laying such a penalty as will induce a party not to appeal frivolously, and as will indemnify and fully indemnify the appellee out of the appellant, for all the inconveniences’ arising to him from such an appeal.- -This is sufficiently done by doubling all the costs to which the appellee has been put
 
 by the appeal;
 
 which', in this case, nie the costs incurred
 
 in the Supreme
 
 Court, by employing an attorney to represent him here, and by getting the clerk’s certificate, as required by the act. The costs of this court arejhose, therefore, within the purview of the adt, as we think. Upon that construction, the same forfeiture is incurred
 
 by every
 
 person committing the same default.
 

 There' is another thing, leading to the same conclusion, not less
 
 cogent
 
 than those mentioned. In the Revised Statute, “ concerning appeals,” c. 4, sec. 6, it is provided, that upon appeals horn the County Court, the appellee may filé the transcript, w and, on motion in the Superior Court, the judgment ot the court below shall be affirmed with double costs, to be paid by the appellant.” What costs are meant in this ptirt of the act? Upon the appellant’s own hypothesis, they afe those ot the Superior Court, because the judgment for them is given in |he' Superior Court; No doubt those are the costs; but not for the reason given. That section of th e act is taken from the Court Law, 1777,- Rev. ch. 115, sec. 77; which, after directing the appellant to file the transcript fifteen days before the sitting of the Court; enacts that if he do not file it,- “ the judgment of- the County Court shall be affirmed. and the appellant shall pay double- costs
 
 in the Superior' Court?
 
 This explicit provision renders the whole
 
 *193
 
 policy of the Legislature, upon questions of this sort, clear; and requires us to receive similar expressions upon a subject, though somewhat more vague, in a sense consistent with that policy. The double costs are not those incurred in the Court
 
 from
 
 which the appeal was taken, but those in the Court
 
 to
 
 which it is taken. Neither the language of the law, nor the purposes of justice towards the appellee, require more.
 

 To this it may be objected, that the execution will issue without a judgment to authorise it, and for costs of another Court, which the Clerk of the Superior Court cannot know, nor have the means of ascertaining. But those difficulties are easily answered or obviated. Whether the costs be those of the Superior or Supreme Court, it is obvious that, in either case, the clerk issues the execution without, in form, the warrant of a judgment. In that respe'ct, the case is, therefore, the same upon either construction. But the recorded certificate from this Court, by force of the statute, stands in the place of, and is a judgment for, this purpose, in point of efficacy. The act does not, therefore, require the execution for double costs to be issued from the Superior Cofirt, upon an idea that those cost's are there adjudged by the Court; but merely for convenience. Nor do we see much in the supposed difficulty in ascertaining the costs of the Supreme Court. A statement of them may be appended by the Clerk of this Court to the certificate he must give of the appellant’s default. They will Consist only of his own fee, and that of the appellee’s attorney, if he have one; and the act of 1798, 1 Rev. Stat. ch. 31, sec. 62, furnishes an easy method to either clerk, of establishing the relation between the party and his attorney. ’ Besides, costs in all cases are taxed by the clerk; and this, like every other taxation by him, is subject to re-taxation, upon the complaint of either party, as-in the case before ns. So there can be no danger of not ultimately arriving Correctly at the costs incurred by íhé appellee,- by reason of the appeal; the double of which, as we conceive, it was the purpose of the Legislature to give him.
 

 Therefore the judgment of the Superior Court must be reversed, and a judgment entered on the rule in- that- Court in
 
 *194
 
 conformity to this opinion. As that judgment will be less ‘“favourable to'tlie appellant than that from which he appealed,,
 
 he,
 
 the appellant,, must pay the costs of this Court.
 

 Per Curiam. Judgment reversed.